At the United States District Court

for the Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 24 2022

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

| | |
|---|---|
| Malika-Mbele Duke,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>Christopher Alan Montgomery (private and professional capacity)<br>John Olsen (private and professional capacity)<br>Stevens County (fictitious entity)<br>State of Washington (fictitious entity)<br><br>　　　　Defendant(s). | No. **2:22-cv-00247-JAG**<br><br>Verified Complaint for Trespass Pursuant to: Tucker Act<br>42 U.S.C. 1983;<br>Privacy Act (1974; 2005) 5 U.S.C. 552<br>FDCPA; 15 USC 1692 et seq<br>Abuse of process<br>Bill of Rights: Article(s) The Fourth and Fifth<br>Trial by jury DEMANDED |

## Complaint

Malika-Mbele Duke ("Plaintiff") sues Defendant(s) for money damages in the amount of $4,240,000.00 for trespass by way of deprivation of rights under color of law, forgery, invasion of privacy, Fair Debt Collection Act violations, Abuse of process, and unlawful taking, and with knowledge states:

### JURISDICTION AND VENUE

1. Defendant John is a man who sometimes acts as Assessor for STEVENS COUNTY
2. Defendant Christopher is a man who sometimes acts as a mediator and certificated agent by the STATE OF WASHINGTON.
3. Plaintiff has no minimum contacts with the STATE OF WASHINGTON.
4. The nature of the claim is within the jurisdiction of this court because of Federal Questions about constitutionally protected rights violations.
5. STEVENS COUNTY is a political subdivision of the STATE OF WASHINGTON.
6. Defendants exercised power possessed by virtue of state law and are clothed with the authority of state law.
7. This court has original jurisdiction as all matters complained of occurred herein as follows:
    a. Defendants are Citizens of the United States.

b. Natural person Defendants are sued in their private and professional capacities as the improper acts are not within the scope of the accused's public ministerial capacity.

c. Natural person Defendants are also sued in their professional capacity to implicate the municipal corporations that train, accredit, certify or otherwise support the custom of the behavior.

d. The amount in controversy exceeds the minimum amount within the limits of the jurisdiction of the State Court.

## DEMAND FOR JURY TRIAL

8. Plaintiff hereby demands a trial by jury on any cause of action and claims with respect to which there is a right to a jury trial.

## GENERAL ALLEGATIONS

"The right to be let alone the most comprehensive of rights and the right most valued by civilized men. To protect that right, every unjustifiable intrusion by the government upon the privacy of the individual, whatever the means employed, must be deemed a violation of the Fourth Amendment." Olmstead v. U.S., 277 U.S. 438, 478 (1928).

9. At all times relevant to this case, there is no contractual relationship between Plaintiff and Defendants.

10. At all times relevant to this case **Plaintiff** is with lawful possessory use of the subject property.

11. The subject property is private property, not for any corporate business use.

12. The subject property is not "public lands".

13. The record does not reflect that the subject property has been ceded to the United States.

14. The record does not reflect a Taxable Situs with Plaintiff and state of Washington,

15. The Constitution of the United States, the Constitution of Washington, Revised Codes of Washington fails to provide a procedure based in law to take property from the private people by way of a public corporate "ad valorem" tax.

16. The U.S. Constitution at Art. 1, Sec. 8, Cl. 1 defines the limitation of taxation to 'duties', 'imposts' and 'excises' of taxable property to provide for the needs of the government.

17. Washington State Constitution states at Art. 7 Sec. 3, "ASSESSMENT OF CORPORATE PROPERTY — The legislature shall provide by general law for the assessing and levying of taxes on **all corporation**

**property** as near as may be by the same methods as are provided for the assessing and levying of taxes on individual property."

18. It states on the Stevens County Washington website, "Our Mission is to administer a property assessment system that meets constitutional and statutory requirements."

19. According to the statutory definitions taxation requires a connection with manufacturing, trade and traffic, including buying and selling conducted within the situs of the State by a legal entity defined as the "taxpayer" [Cf. RCW §82.02.010].

20. The Washington State Constitution at Art. 7, Sec. 1 originally stated in pertinent part, "The legislature shall provide by law for an annual tax sufficient, with other sources of revenue to defray the estimated ordinary **expenses of the state** for each fiscal year... for the purpose of **paying the state debt...**"

21. Amendment 81 (1988) of Art. 7 Section 1 states, "All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax and shall be levied and collected for **public purposes only...**

22. Original text of the Washington Constitution at Art. 7 Sec. 4 states, "The power to tax **corporations and corporate property** shall not be surrendered or suspended by any contract or grant to which the state shall be a party."

23. Pursuant to RCW 36.100.050, "Ad valorem property tax. (1) A **public facilities** district may levy an ad valorem property tax,.. upon the property "within the district" for a one year period to be used for operating or capital purposes pursuant to RCW 84... and Article VII ... of the state Constitution."

24. Pursuant to RCW 84.40.020, "All real property in this state subject to taxation shall be listed and assessed every year... and records shall be open to public inspection during the regular office hours of the assessor's office."

25. The definition of, "in this state" and "within this state" includes all **federal areas** lying within the exterior boundaries of the state. [Cf. RCW 82.04.200]

26. Pursuant to 84.40.120 (2), "Any person willfully making a false list, schedule, or statement under oath is guilty of perjury under chapter 9A.72 RCW."

27. On January 30th, 2018, Plaintiff inquired in writing with Defendant John Olson on how to remove the subject property from the business privilege tax roll.

28. The above mentioned facts were included in the initial written communication from Plaintiff to Defendant John.
29. In a letter dated February 6th, 2018, Defendant John Olson replied stating, "we... disagree... as we are required **by statute and the Washington Constitution to value all property for purposes of taxation.**"
30. Defendant John Olson, as the Stevens County Assessor, has no discretion to disagree with the administrative duty of his office.

## Count 1: Forgery

31. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
32. Defendant's claim relies on instruments purported to be part of tax assessment records filed in the Stevens County Assessor's office.
33. Such instruments are typically used by a county to support legal taxation of property.
34. On February 22, 2018, Plaintiff required Defendant John to provide records supporting Defendants claims about "all property...", including specific statutes and sections of the Constitution relied upon to create the liability.
35. On March 3, 2018, Plaintiff received a letter titled "RE: Public Records Request– Assessment and Property Tax Returns" allegedly signed by one Christina Radzimska (Christina hereinafter).
36. Christina claims to be from the office of the STEVENS COUNTY PROSECUTING ATTORNEY as a "Deputy Prosecuting Attorney".
37. Christina did not have power of attorney to speak on behalf of Defendant John.
38. Christina's duty and responsibility as a County Prosecuting Attorney does not include responding on behalf of the person acting as Tax Assessor.
39. Christina claims to have "identifiable records" I requested from Defendant John.
40. Nothing in the "identifiable records" sent to Plaintiff supported Defendant John's legal determination in the February 6th letter referenced above.
41. Without a lawful basis or for Defendant John's legal determinations, the Tax Statements provided are forgeries pursuant to state and federal law.
42. Defendants use this instrument to defraud Plaintiff.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## Count 2: Fair Debt Collection Practices (FDCPA) Violations

43. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
44. Plaintiff received letters from Defendant Christopher Alan Montgomery in regard to an alleged debt mail-meter dated March 11th, June 11th and September 13th of 2022.
45. In each of the communications, Defendant Christopher references "Tax parcel No. 2034401".
46. Defendant alleges to be a debt collector.
47. Defendant does not offer a power of attorney nor judgment from a court of competent jurisdiction.
48. Plaintiff has never given Defendant expressed written consent to be communicated about any debt. [Cf. 15 USC 1692c]
49. Without consent to communicate any communication is harassment. [Cf. 15 usc 1692d]
50. Defendants misrepresent the amount and character of a debt [Cf. 15 USC 1692e (2)(A)]
51. Plaintiff is damaged by Defendant causing to be recorded a "notice of forfeiture" and "declaration of forfeiture".

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## Count 3: Invasion of Privacy -Fourth Amendment

52. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
53. Plaintiff's right to security in "persons, houses, papers and effects against unreasonable seizure" is protected by Article the Fourth of the Bill of Rights to the Constitution of the United States of America, 1791.
54. Defendants signed a sworn statement to protect, defend and uphold said Constitution.
55. Defendants violate Plaintiff by invading Plaintiff's constitutionally protected right of the Fourth Amendment to be secure from seizure by administering private property for public purpose without due process of law.
56. Further, at Art. 1 Sec. 7, "INVASION OF PRIVATE AFFAIRS OR HOME PROHIBITED. No person shall be disturbed in his **private affairs**, or his home invaded, without authority of law.
57. Defendant John's unauthorized maintenance of the private subject property on the public public record contributed to Defendant Christopher's ability to further injure Plaintiff's property rights.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count 4: Abuse of Process

58. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
59. Defendant Christopher improperly used the Forfeiture process of the Department of Natural Resources, with the ulterior motive of an unlawful taking of Plaintiff's property.
60. Defendant Christopher uses 61.30 RCW as process for forfeit of an alleged contract however, RCW 79.11.200 [Cf. SENATE BILL NO. 3091, sec 18] dictates the form of contract is limited to public lands:

    "**The purchaser of state lands** under the provisions of this chapter... shall enter into and sign **a contract with the state, to be signed by the commissioner on behalf of the state**...and that the **purchaser will pay all taxes and assessments that may be levied or assessed on such land**... The purchaser's rights under the real estate contract shall not be forfeited except as provided in chapter **61.30 RCW**. The contract provided for in this section shall be executed in duplicate, and one copy shall be retained by the purchaser and the other shall be **filed in the department's Olympia office**... The department shall notify **the purchaser of any state lands** in each instance when payment on the purchaser's contract is overdue, and that the purchaser is liable to forfeiture if payment is not made when due." [emphasis added]

61. Defendant John illegally used the process for assessing tax on manufacturers and merchants of good and chattels for the ulterior motive of taking private property for public use.
62. Defendants' actions are an infliction of emotional distress, interference with the exercise of religion, opportunity loss and causes damages to prosecute this claim.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count 5: Unlawful Taking [Fifth Amendment]

63. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
64. Defendants purport to take action on the subject property in the interest of a public agency.
65. Administering private for public purposes without just compensation violates the "Takings Clause" of the Fifth Article of the Bill of Rights.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### RELIEF REQUESTED

1. Compensatory damages in the amount of $4,240,000.00. (four million, two hundred and forty thousand dollars) for the harm of this fiasco leading to anxiety and heart palpitations due to the mental stress caused by the harassing letters and threats
2. Ejectment of all documents referencing Defendant(s) lien or title to Subject property from the county deed recorder's office.

I say all herein is true and will verify in open Court,

By: Malika-Mbele Duke 19, October 2022

Before us, the undersigned witnesses, personally appeared Malika-Mbele Duke, Plaintiff in this matter, whose identity is personally known to us, and who, upon affirmation by me, clarified and posed as follows:

*I am Malika-Mbele Duke. I am the age of majority, and competent to make this Complaint. I have personal knowledge of these facts and attest under penalty of perjury the facts stated in this document are true and correct.*

*I assert all my unalienable rights, privileges and immunities at Natural Law and all my protected rights relevant to a place called "this state.*

**Further, Affiant sayeth not.**

Witness1 _____ date 10/23/22
Print: SEAN DYER

Witness2 _____ date 10/23/2022
print: Claire Duke

## At the United States District Court
## for the Eastern District of Washington

| | |
|---|---|
| Malika-Mbele Duke,<br><br>                Plaintiff(s),<br><br>v.<br><br>Christopher Alan Montgomery (private and professional capacity)<br>John Olsen (private and professional capacity)<br>Stevens County (fictitious entity)<br>State of Washington (fictitious entity)<br><br>                Defendant(s). | No.<br><br>Verified Complaint for Trespass Pursuant to: Tucker Act<br>42 U.S.C. 1983;<br>Privacy Act (1974; 2005) 5 U.S.C. 552<br>FDCPA; 15 USC 1692 et seq<br>Abuse of process<br>Bill of Rights: Article(s) The Fourth and Fifth<br>Trial by jury DEMANDED |

### Order

Plaintiff's property is restored and she is granted compensatory and punitive damages in the amount of $4,240,000.00 from Defendants.

---

**Court Seal/Signature**

At the United States District Court

for the Eastern District of Washington

| | |
|---|---|
| Malika-Mbele Duke,<br><br>              Plaintiff(s),<br>v.<br><br>Christopher Alan Montgomery (private and professional capacity)<br>John Olsen (private and professional capacity)<br>Stevens County (fictitious entity)<br>State of Washington (fictitious entity)<br><br>              Defendant(s). | No.<br><br>Verified Complaint for Trespass Pursuant to: Tucker Act<br>42 U.S.C. 1983;<br>Privacy Act (1974; 2005) 5 U.S.C. 552<br>FDCPA; 15 USC 1692 et seq<br>Abuse of process<br>Bill of Rights: Article(s) The Fourth and Fifth<br>Trial by jury DEMANDED |

## Certificate of SERVICE

Christopher Alan Montgomery
PO BOX 10335
DES MOINES, IA 50306-0335

John Olson
215 S Oak St. Rm 101
Colville, WA 99114

The above parties have been duly served the following:
1. Complaint for Damages
2. Summons

by United States Post Office first class mail and email as of this day _10·24·2022_ I say here and will verify in open court that all herein be true.

                                                      [signature]    10·24·2022
                                                      First Middle Last      DATE